IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:11cr191-MHT |
| | ) | (WO) |
| KELVIN DEWAYNE ANDERSON | ) | |

OPINION AND ORDER

Defendant Kelvin Dewayne Anderson pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to 135 months of imprisonment and five years of supervised release. The question before the court is whether his sentence should be reduced based on Amendments 782 and 788 to the United States Sentencing Guidelines. Anderson seeks a reduction to 108 months. For the reasons that follow, the court holds that Anderson is eligible for a reduction, but to only 120 months, not 108 months.

I.

The parties submitted and the court accepted a Federal Rule of Criminal Procedure 11(c)(1)(C) plea

agreement ("Type-C agreement"), which permits the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case" and "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11. *See* Plea Agreement (doc. no. 241) at 2; Court Minutes (doc. no. 393).

In the Type-C agreement, the parties agreed to a possible total offense level of 31. To calculate this total offense level, the parties started with an original base offense level of 32 pursuant to United States Sentencing Commission, Guidelines Manual § 2D1.1(c)(4) (Nov. 2011) (USSG) and added a two-level enhancement pursuant to USSG § 3C1.2 due to reckless endangerment during flight from law enforcement. *See* Plea Agreement (doc. no. 241) at 3. They also agreed, pursuant to USSG § 3E1.1, to a three-level reduction for acceptance of responsibility if Anderson "does not obstruct justice or otherwise fail to accept responsibility." *Id.* at 2-3. With his criminal history of III and with a three-level reduction

pursuant to Guideline 3E1.1, Anderson's Guidelines range would be 135 to 168 months. The parties agreed that a sentence of imprisonment of 135 months, which fell within the Guidelines range, was "appropriate." *Id.* at 3. The government also left open the option of moving at sentencing for a downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) to reflect Anderson's substantial assistance. *See id.*

During the sentencing hearing, the court calculated Anderson's Guidelines sentence. In calculating the total offense level, the court, while viewing the evidence independently, essentially mimed the calculations in the plea agreement. It began with a base offense level of 32 and added a two-level enhancement pursuant to USSG § 3C1.2 due to reckless endangerment during flight from law enforcement. The court then granted the government's motion for a three-level downward adjustment for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) and (b). The government did not move at sentencing for a departure based on substantial assistance. After the

enhancement and downward adjustment, Anderson's total offense level was 31. *See* Sentencing Tr. (doc. no. 626) at 29; *see also* Statement of Reasons (doc. no. 407) at 1. Anderson's criminal history category was III. The applicable Guidelines range was 135 to 168 months. *See* Sentencing Tr. (doc. no. 626) at 29.

At sentencing, the government advocated for a bottom-of-the-guidelines range, which was now 135 months. *See id.* at 24. The court did not discuss the ten-year mandatory minimum when calculating Anderson's sentence. Rather, the government requested and the court imposed a 135-month sentence based on the Guidelines range. *See id.* at 29. The 135-month sentence was therefore the direct product of a Guidelines-driven range.

## II.

With Amendment 782 in 2014, the United States Sentencing Commission revised the Sentencing Guidelines applicable to the drug-trafficking offense for which this court sentenced Anderson. The Commission

4

simultaneously promulgated Amendment 788, which made Amendment 782 retroactive. This court established a Retroactivity Screening Panel to determine whether defendants such as Anderson might be eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Anderson's case was submitted for review, but the Panel was unable to reach a unanimous recommendation due to a disagreement over the applicable law.

Anderson is eligible for a sentence reduction now if he was sentenced "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The court finds that Anderson's sentence was "based on" a sentencing range later lowered by the Sentencing Commission.

According to *Hughes v. United States*, "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. 1765, 1775 (2018). Under this approach, as

5

a "general rule [], in most cases, a defendant's sentence will be 'based on' his Guidelines," because "in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.* at 1776. Indeed, because "the Guidelines are a district court's starting point, [] when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.*

Anderson has surmounted the *Hughes* hurdle. As explained earlier, the parties in arriving at their agreed-upon sentence, and the court in deciding whether to accept that sentence, went through identical Guidelines calculations and reached the same result. The parties and the court added a two-level enhancement and then departed downward from the initial Guidelines range by three offense levels to arrive at a lower Guidelines range of 135 to 168 months. The court then

sentenced Anderson, as per the government's request, to a *Guidelines sentence* of 135 months. *See* Sentencing Tr. (doc. no. 626) at 24. That Anderson's sentence was based on, that is, within, a Guidelines range that was "part of the framework the district court relied on in imposing the sentence or accepting the agreement," *Hughes*, 138 S. Ct. at 1775, is incontestable.

However, the *Hughes* hurdle is not the only hurdle Anderson must surmount.

## III.

The second hurdle is determining whether Anderson was sentenced based on the Guidelines range even though he was subject to a mandatory-minimum sentence of ten years. In *Koons v. United States*, the Supreme Court held that, where five defendants were subject to mandatory-minimum sentences that exceeded their otherwise-applicable Guidelines ranges, and where the district court "scrapped the ranges in favor of the mandatory minimums and never considered the ranges again," that the sentences were not "based on" the

7

otherwise-applicable Guidelines ranges. 138 S. Ct. 1783, 1786 (2018). Specifically, the sentencing court in *Koons* stated that the mandatory minimums had "discarded" or "scrapped" the initial Guidelines range; framed the entire sentencing discussion in terms of the appropriate percentage of downward departure from the mandatory minimum (rather than in terms of offense levels, or starting from the otherwise-applicable Guidelines range); and imposed sentences of 25 to 45 % below the mandatory minimums. *Id.* at 1785-86.

Here, unlike in *Koons*, Anderson is not subject to a mandatory-minimum sentence that exceeded his applicable Guidelines ranges. The mandatory minimum of ten years did not impact his Guidelines range, as the Guidelines range of 135 to 168 months was already completely above the mandatory minimum of 120 months.

But more to the point, "the ... applicable Guidelines range, far from fully 'dropping out' of the picture, was ... 'part of the framework the district court relied on in imposing the sentence or accepting the agreement,' *Hughes*, 138 S. Ct. at 1775," *United*

States v. Davenport*, 342 F. Supp. 3d 1251, 1269 (M.D. Ala. 2018) (Thompson, J.), for, as stated, the court gave Anderson a Guidelines sentence of 135 months. In addition, as stated, "the record also reflects that the parties considered and applied the Guidelines in fashioning" their recommended 135-month sentence. *Id.*

While the court has found that Anderson is eligible for a sentence reduction, there is the question as to whether he should receive one.

IV.

While the court has found that Anderson is *eligible* for a sentence reduction, there is the question as to whether he should, in fact, receive one, for the court "retains discretion to deny relief." *Hughes*, 138 S. Ct. at 1778. For the reasons given above, the court is convinced, and so finds, that the sentence Anderson received was based on a Sentencing Guidelines range that was subsequently lowered. See 18 U.S.C. § 3582(c)(2

To repeat, Anderson's original base offense level

under USSG § 2D1.1 was 32; after a two-level enhancement for reckless endangerment during flight pursuant to USSG § 3C1.2, his offense level was 34, see Plea Agreement (doc. no. 241) at 3; and, after a three-level downward departure for acceptance of responsibility pursuant to USSG §§ 3E1.1(a) and (b), his total offense level was 31. And, with a criminal history category of III, he had an applicable Guidelines range of 135 to 168 months. Finally, because his mandatory minimum of ten years was below the entirety of his Guidelines range, it did not impact the range.

Under Amendment 782, Anderson's amended base offense level is 30. Guideline 1B1.10(b)(1) directs the court to "substitute only the amendments ... for the corresponding guideline provisions that were applied when the defendant was sentenced and [] leave all other guideline application decisions unaffected." Thus, the court will apply the same adjustments to the base offense level that it applied in the original sentencing. Because Anderson originally received an

enhancement of two levels for reckless endangerment during flight and a three-level downward departure for acceptance of responsibility, he receives the same adjustments now. After these adjustments, his amended total offense level is 29. With a criminal history category of III and in the absence of the mandatory minimum, the amended Guidelines range is 108 to 135 months. But, with a mandatory minimum of 120, the final Guidelines range becomes 120 to 135 months. Originally, Anderson received a sentence at the bottom of the range; hence, his amended sentence should be 120 months.

Finally, in considering whether and by how much to reduce an eligible defendant's sentence, the court must consider any concerns regarding public safety or post-sentencing conduct, as well as the factors enumerated in 18 U.S.C. § 3553(a). *See* USSG § 1B1.10 cmt. n.1(B).

The government and the U.S. Probation Office agree with Anderson that no concerns regarding public safety or Anderson's post-sentencing conduct exist in this

case, and the court agrees. The court has considered factors enumerated in 18 U.S.C. § 3553(a) and found no reason to award Anderson anything less than the full sentence reduction for which he is eligible.

* * *

For the above reasons, it is ORDERED that:

(1) Defendant Kelvin Dewayne Anderson's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 575) is granted.

(2) Pursuant to 18 U.S.C. § 3582(c)(2), defendant Anderson's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 135 months is reduced to 120 months, rather than 108 months.

(3) The motion to expedite (doc. no. 632) is denied as moot.

DONE, this the 19th day of June, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**